UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| ROBERT HOROWITZ, *et al.* | * |
| Plaintiffs | * |
| v. | Civil Action No.:  8:14-cv-03698-DKC |
| | * |
| CONTINENTAL CASUALTY COMPANY D/B/A CNA, *et al.*, | * |
| Defendants | * |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ECCLESTON AND WOLF, P.C.'S MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Defendant, Eccleston and Wolf, P.C. ("E&W"), by its attorneys, Shirlie Norris Lake, Ashley L. Marucci and Eccleston and Wolf, P.C., files this Memorandum of Law in support of its Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure.[1]

**I.  INTRODUCTION**

The Amended Complaint filed by Plaintiffs, Robert and Cathy Horowitz, against E&W, among other Defendants, arises from a series of underlying connected cases involving some of the other parties to this action.  In the course of those underlying cases, the Circuit Court for Montgomery County, Maryland issued rulings that are dispositive of many of the claims the Horowitzes seek to pursue in the instant case, the primary factual basis of which is an allegation that the Settlement Agreement between the Horowitzes and The Zipin Law Firm is illegal and unenforceable.  Beyond that fact, the factual contentions raised by the Horowitzes are lacking in

---

[1] As required by Rule 11(c)(2), E&W's Motion for Sanctions and supporting Memorandum of Law were served on counsel for Plaintiffs on May 4, 2015, but not filed with this Court.  More than 21 days has passed since the Motion was served, and Plaintiffs have not withdrawn the Amended Complaint or dismissed the claims against E&W.

J:\5A086\Motion\Mot Sanctions Memo 2.Doc

evidentiary support, the legal contentions set forth are not warranted by applicable law and, based upon the numerous deficiencies in the claims, the action was clearly filed against E&W for an improper purpose.

E&W filed a Motion to Dismiss the Amended Complaint on April 28, 2015, Plaintiffs filed an Opposition on June 2, 2015 and E&W filed a Reply on June 18, 2015. On December 28, 2015, this Court issued a Memorandum Opinion and Order, granting E&W's Motion to Dismiss the Amended Complaint and dismissing Plaintiffs' claims alleged against E&W with prejudice.

For the reasons stated herein, the Horowitzes and their attorneys have violated Rule 11(b)(1), (2) and (3) of the Federal Rules of Civil Procedure, and E&W requests that this Court enter sanctions against them.

## II.   BACKGROUND

This case arises from a series of complex underlying facts and related cases that involve some of the same parties to the case at bar. To place the Horowitzes' claims and E&W's request for sanctions in context, an understanding of the background litigation set forth in E&W's Memorandum in Support of Motion to Dismiss First Amended Complaint at pages 2-11 is necessary. The Motion to Dismiss First Amended Complaint and Memorandum are adopted and incorporated by reference herein. (Docket Nos. 21 – 21-15).

## III.   STANDARD OF REVIEW

Rule 11(b) of the Federal Rules of Civil Procedure provides, in relevant part, that, in filing any pleading or motion, the attorney or unrepresented party must certify that: (1) the filing is not being presented for any improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation; (2) the claims, defenses and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying or reversing

existing law or for establishing new law and (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

After providing the non-moving party a reasonable opportunity to respond, if the Court determines a violation of Rule 11(b), it may impose sanctions on the non-moving party and/or the law firm or attorneys representing the non-moving party, including an award of reasonable attorney's fees. Rule 11(c). *See also Williams v. Prince George's Cnty. Hosp. Ctr.*, 932 F. Supp. 687 (D. Md. 1996). The amount of any monetary sanctions, which may be entered to deter future abuse of the litigation process, should take into account the following factors: (1) the reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; (3) the ability to pay; and (4) factors related to the severity of the Rule 11 violation. *In re Kuntsler*, 914 F.2d 505, 523 (4th Cir. 1990).

Importantly, Rule 11 was established for the purpose of "compensating the victims of the rule 11 violation, as well as punishing present litigation abuse, streamlining court dockets and facilitating court management." *In re Kuntsler*, 914 F.2d at 522. Rule 11 requires that an attorney conduct an objectively reasonable investigation of the factual and legal basis for the claim prior to filing. *Brubaker v. Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991). The maintenance of a legal position is sanctionable when, in "applying a standard of objective reasonableness, it can be said that a reasonable attorney in like circumstances could not have believed his actions to be legally justified." *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002). The Court may consider a variety of factors in determining that a claim was filed for an improper purpose, such as "repeated filings, the outrageous nature of the claims made, or a signer's experience in a particular area of law, under which baseless claims have been

3

made." *In re Kuntsler*, 914 F.2d at 519. Furthermore, "[i]f counsel willfully files a baseless complaint, a court may properly infer that it was filed either for purposes of harassment, or some purpose other than to vindicate rights through the judicial process." *Id.*

## IV. ARGUMENT

As discussed herein, the Horowitzes have alleged claims against E&W for: alleged violations of the FDCPA (Count I), Declaratory Judgment (Count II), alleged violations of the MCDCA and the MCPA (Counts III - IV) and alleged civil conspiracy (Count V).[2] For the reasons set forth in E&W's Motion to Dismiss First Amended Complaint and Supporting Memorandum of Law, the claims asserted by the Horowitzes are not warranted by existing law, not supported by facts and could only have been alleged against E&W for an improper purpose, in violation of Rule 11(b)(1), (2) and (3).

### A. All Claims Are Barred by Collateral Estoppel

As set forth in detail on pages 13-16 of E&W's Memorandum in Support of Motion to Dismiss, the claims alleged in the Amended Complaint are barred by non-mutual collateral estoppel. Specifically, all of the claims alleged against E&W are based upon Plaintiffs' allegation that a Settlement Agreement executed in their prior legal malpractice action against ZLF is illegal and unenforceable for several reasons. However, Plaintiffs had a full and fair opportunity to litigate this issue in the fee case with the Selzer firm, which resulted in a judicial determination that because Plaintiffs had voluntarily accepted the monetary consideration for the Settlement Agreement, they had waived their right to challenge that Agreement as illegal or unenforceable. Furthermore, Plaintiffs' Motion to Alter or Amend the Judgment in the Selzer fee case was denied on December 24, 2014, which was long before the filing of the First

---

[2] In Count VI of the Amended Complaint, the Horowitzes allege violations of 42 U.S.C. § 1983 by the Selzer firm only. Inasmuch as those allegations are not directed to E&W, they are not addressed herein.

4

Amended Complaint with this Court on March 19, 2015. Because the alleged illegality of the Settlement Agreement is the same issue upon which Plaintiffs' claims against E&W are based, the Amended Complaint is barred by collateral estoppel, and there is no basis in law or fact for them and their counsel to, once again, attempt to challenge the Settlement Agreement.

### B. All Claims Are Barred by Their Voluntary Waiver

As set forth on pages 16-17 of E&W's Memorandum in Support of Motion to Dismiss, Plaintiffs' claims are barred by their voluntary waiver as a result of their acceptance and retention of the benefit of the monetary consideration in the malpractice case – the very basis upon which the Circuit Court for Montgomery County in the Selzer fee case ruled that the Settlement Agreement could not be challenged as illegal or unenforceable. Again, Plaintiffs waived their right to now challenge that Settlement Agreement; accordingly, the claims in their Amended Complaint are not warranted by law or fact.

### C. Plaintiffs' Claims Are Barred by Their Ratification of the Settlement Agreement

As set forth at pages 17-18 of E&W's Memorandum in Support of Motion to Dismiss, Plaintiffs ratified the Settlement Agreement by their election to retain the consideration. By their election to retain the consideration which they received, the Horowitzes ratified the Agreement, and they cannot now attempt to challenge that same Agreement in this case. Thus, pursuant to the doctrine of ratification, there is no factual and/or legal basis to support the claims that the Settlement Agreement is not enforceable.

### D. Plaintiffs' Claims Are Barred by the Doctrine of Unclean Hands

As set forth on pages 18-19 of E&W's Memorandum in Support of Motion to Dismiss, the Plaintiffs knowingly breached the Settlement Agreement, while, at the same time, they continue to retain the benefit of the portion of the Agreement that favored them. Despite their

5

misconduct, which directly relates to the Settlement Agreement, the Horowitzes are now attempting to assert a myriad of statutory and common law claims based upon the alleged illegality of that same Agreement. This, the law will not allow. The Horowitzes' unclean hands in their wrongful breach of the Agreement, from which they, alone, derived a benefit to the detriment of the other parties involved, precludes them from asserting claims premised upon that Agreement; accordingly, there is no basis in law or fact for the claims in the Amended Complaint.

### E.     Plaintiffs' Claims Are Barred by the Settlement Agreement and Release

As set forth on pages 19-20 of E&W's Memorandum in Support of Motion to Dismiss, the Settlement Agreement, which has been judicially determined to be valid and enforceable, specifically releases E&W from any and all claims by Plaintiffs. Specifically, the Horowitzes, who are parties to that Agreement, released the other parties, including the Zipin Law Firm ("ZLF") and its "agents" from all potential claims. Inasmuch as E&W was the attorney and agent for ZLF in the Horowitz legal malpractice case, the Plaintiffs have released E&W; accordingly, their attempt to bring claims against E&W in this litigation is without legal or factual basis, and clearly done for the improper purpose of harassing the law firm which represented one of their prior attorneys against whom they filed a malpractice case.

### F.     Plaintiffs Do Not Possess a Factual or Legal Basis to Assert Claims for Alleged Violations of the FDCPA, MCDCA and/or MCPA (Counts I, III and IV)

As set forth at pages 20-28 of E&W's Memorandum in Support of Motion to Dismiss, the claims alleged in Counts I, III and IV are barred (1) by the statute of limitations (Count I); (2) because E&W did not engage in any debt collection activity; (3) because E&W is exempt from the licensing requirements of the MCALA; and (4) because E&W is exempt from the MCPA.

6

As discussed in E&W's Motion to Dismiss and supporting Memorandum of Law, those arguments are based upon well-established and unambiguous principles of law. For the reasons discussed therein, the Horowitzes do not possess a factual or legal basis for their claims of alleged violations of the FDCPA, MCDCA and MCPA by E&W.

### G. Plaintiffs Do Not Have a Legal or Factual Basis for the Claim for a Declaratory Judgment (Count II)

For the reasons set forth at pages 28-31 of E&W's Memorandum in Support of Motion to Dismiss, there is no basis for Plaintiffs' claim for a declaratory judgment in Count II of the Amended Complaint. Plaintiffs cannot premise their claim for declaratory judgment on the alleged illegality of the Settlement Agreement because, as set forth above, that claim is barred by collateral estoppel. Additionally, Plaintiffs cannot maintain an equitable claim for a declaratory judgment on the same issues upon which their legal claims in the remaining Counts are based. Clearly, the Horowitzes and Mr. Lopatto are aware that their request for Declaratory Judgment in Count II of the Amended Complaint lacks a factual and legal basis.

### H. Plaintiffs Do Not Have a Factual or Legal Basis to Establish a Claim for Alleged Civil Conspiracy (Count V) by E&W

As set forth at pages 31-32 of E&W's Memorandum in Support of Motion to Dismiss, there is no legal or factual basis for Plaintiffs' conspiracy claim inasmuch as conspiracy is not a stand-alone cause of action, and since there is no legal or factual basis for the underlying statutory claims. Accordingly, Plaintiffs have no basis in fact or law for the claim for conspiracy.

## IV. CONCLUSION

For the reasons discussed herein, and in E&W's Motion to Dismiss Amended Complaint and Supporting Memorandum of Law,[3] the Horowitzes and their attorneys allege claims against E&W, for which the factual contentions lack evidentiary support, the legal contentions are not warranted by existing law, and the action is being maintained for an improper purpose, i.e. to harass the Defendants, cause unnecessary delay in the finalization of the settlement reached in the underlying case and to needlessly cause E&W and the other Defendants to expend attorney's fees and costs in violation of Federal Rule of Civil Procedure 11(b)(1), (2) and (3). As set forth above, Rule 11 requires an objectively reasonable investigation of the factual and legal basis for the claim prior to filing it which clearly was not done before the original and Amended Complaints were filed.

Accordingly, E&W respectfully requests that this Court enter sanctions against Plaintiffs, Robert and Cathy Horowitz, and their attorneys, John S. Lopatto III, Esquire and the Law Offices of John Lopatto III, including, but not limited to, reasonable costs and attorney's fees incurred by E&W in the amount of $30,890.79 as set forth in the Affidavit of Fees and Expenses and Itemized Statement attached hereto as Exhibit 1, and requests such other and further relief as this Court deems just and proper under the circumstances.

---

[3] As set forth above, E&W's Motion to Dismiss the Amended Complaint was granted by Memorandum Opinion and Order issued December 28, 2015.

Respectfully submitted,

| | |
|---|---|
| */s/Shirlie Norris Lake* | */s/Ashley L. Marucci* |
| Shirlie Norris Lake (Fed. Bar No. 01705) | Ashley L. Marucci (Fed Bar No. 18642) |
| ECCLESTON & WOLF, P.C. | ECCLESTON & WOLF, P.C. |
| Baltimore-Washington Law Center | Baltimore-Washington Law Center |
| 7240 Parkway Drive, 4th Floor | 7240 Parkway Drive, 4th Floor |
| Hanover, MD 21076-1378 | Hanover, MD 21076-1378 |
| (410) 752-7474 (phone) | (410) 752-7474 |
| (410) 752-0611 (fax) | (410) 752-0611 (fax) |
| E-mail: lake@ewmd.com | E-mail: marucci@ewmd.com |
| *Attorney for Defendant,* | *Attorney for Defendant,* |
| *Eccleston and Wolf, P.C.* | *Eccleston and Wolf, P.C.* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 4th day of May, 2015, a copy of Defendant Eccleston and Wolf's Memorandum of Law in Support of Motion for Sanctions, was served, pursuant to Federal Rule of Civil Procedure 11(c)(2), by electronic mail on:[4]

> John S. Lopatto III, Esquire
> Law Offices of John Lopatto III
> 1776 K St., N.W., Suite 700
> Washington, D.C. 20006
> *Attorney for Plaintiffs*

>                   */s/Ashley L. Marucci*_____
>                    Ashley L. Marucci

---

[4] A copy of undersigned counsel's May 4, 2015 letter served on Plaintiffs' counsel, with the Motion for Sanctions, Memorandum, proposed Order and proposed Notice of Dismissal with Prejudice, is attached hereto as Exhibit 2. Rather than dismiss the case, Plaintiffs continued to pursue it, thus requiring E&W to incur additional expense for undersigned counsel to continue to litigate the case.

9

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that copies of the foregoing Motion for Sanctions and supporting Memorandum of Law were electronically filed with the Court in this case on January 11, 2016, for distribution to all persons on the Clerk's electronic mailing list:

>John S. Lopatto III, Esquire
>Law Offices of John Lopatto III
>1776 K St., N.W., Suite 700
>Washington, D.C. 20006
>*Attorney for Plaintiffs*
>
>Rachel T. McGuckian, Esquire
>Rachel A. Shapiro, Esquire
>Miles & Stockbridge, P.C.
>11 North Washington Street, Suite 700
>Rockville, Maryland 20850
>*Attorneys for Defendant, Selzer Gurvitch Rabin Wertheimer Polott & Obecny, P.C.*
>
>Kathleen H. Warin, Esquire
>Helyna M. Haussler, Esquire
>Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
>700 11th Street, N.W., Suite 400
>Washington, D.C. 20001
>*Attorneys for Defendant, Bregman, Berbert, Schwartz & Gilday, LLC*
>
>Karen Ventrell, Esquire
>Colliau Carluccio Keener Morrow Peterson & Parsons
>2020 K Street, N.W., Suite 505
>Washington, D.C. 20006
>*Attorneys for Defendant, Continental Casualty Company*

>                    /s/Ashley L. Marucci
>                    Ashley L. Marucci