IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

                                    :

ROBERT HOROWITZ, et al.             :

    v.                              :   Civil Action No. DKC 14-3698

                                    :

CONTINENTAL CASUALTY
COMPANY, et al.                     :

## MEMORANDUM OPINION

Presently pending and ready for resolution in this case is a motion to alter or amend the court's judgment filed by Plaintiffs Robert and Cathy Horowitz ("Plaintiffs") (ECF No. 46) and a motion for sanctions filed by Defendant Eccleston and Wolf, P.C. ("Eccleston") (ECF No. 44).  The relevant issues have been fully briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, both motions will be denied.

## I.  Background

The factual and procedural background to this case may be found in the memorandum opinion issued on December 28, 2015 (the "Memorandum Opinion").  (ECF No. 42, at 1-5).  The Memorandum Opinion and an accompanying order granted the motions to dismiss filed by Defendants Eccleston; Selzer Gurvitch Rabin Wertheimer Polott & Obecny, P.C. ("Selzer"); Bregman, Berbert, Schwartz & Gilday, LLC ("Bregman"); and Continental Casualty Company

("Continental"). Accordingly, the first amended complaint was dismissed. On January 11, 2016, Eccleston filed the pending motion for sanctions (ECF No. 44), and the court ordered Plaintiffs to respond within twenty-one days (ECF No. 45). On January 25, Plaintiffs filed the pending motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e). (ECF No. 46). Plaintiffs then responded to the motion for sanctions (ECF No. 49), and Eccleston replied (ECF No. 54). Each defendant responded to Plaintiffs' motion for reconsideration (ECF Nos. 50; 51; 52; 53), and Plaintiffs replied (ECF No. 55).

## II. Plaintiffs' Motion for Reconsideration

### A. Standard of Review

Courts have recognized three limited grounds for granting a motion for reconsideration under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice. *See United States ex. rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).

A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, et al., Federal

Practice & Procedure § 2810.1, at 127–28 (2d ed. 1995)); *see also Medlock v. Rumsfeld*, 336 F.Supp.2d 452, 470 (D.Md. 2002), *aff'd*, 86 F.App'x 665 (4th Cir. 2004) (citation omitted) ("To the extent that Plaintiff is simply trying to reargue the case, he is not permitted to do so.  Where a motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized.").  "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'"  *Pac. Ins. Co.*, 148 F.3d at 403 (quoting Wright, et al., *supra*, § 2810.1, at 124).

   **B.   Analysis**

   Plaintiffs assert that reconsideration is necessary "to prevent clear errors of law and ensure adherence to the standard of review that requires facts pleaded in the complaint to be deemed true."  (ECF No. 46, at 1).  Plaintiffs seek reconsideration on: the court's application of *res judicata* and collateral estoppel; the holding that Plaintiffs failed to plead sufficient facts showing Continental and Eccleston were debt collectors for purposes of the Fair Debt Collection Practices Act ("FDCPA"), the Maryland Debt Collection Act ("MCDCA"), and the Maryland Collection Agency Licensing Act ("MCALA"); and the dismissal of Plaintiffs' § 1983 claim against Selzer.  Plaintiffs also seek "permission to re-plead" and request that

the judgment be stayed "until related appeals in state court are finalized." (ECF No. 46, at 14).

Plaintiffs ask that the court reconsider the application of *res judicata* to their claims against Selzer and Bregman. In the Memorandum Opinion, the court held that Maryland's "transactional approach" to *res judicata* barred many of Plaintiffs' claims against Selzer and Bregman because "the claims all arise from the same transaction: Selzer and Bregman's representation of Plaintiffs in their suit against the Zipin Firm." (ECF No. 42, at 10). Plaintiffs' argument that the court incorrectly applied the transactional approach is unpersuasive. Plaintiffs cite to *Kent Cty. Bd. of Educ. v. Bilbrough*, 309 Md. 487 (1987), and argue that the court "ignored the convenient trial unit for the *res judicata* transaction test. (ECF No. 46, at 9-10). The Court of Appeals of Maryland's passing citation to the Restatement's mention of the "convenient trial unit" in *Kent Cty.* does not alter the Memorandum Opinion's extensive analysis of more recent Maryland case law regarding the appropriate transactional test for *res judicata*. (ECF No. 42, at 7-11). Specifically, *res judicata* bars claims, such as those at issue here, which are "identical to [those] determined or [those] *which could have been raised* and determined in the prior litigation." *Comptroller of Treasury v. Sci. Applications Int'l Corp.*, 405 Md. 185, 195-96 (2008) (emphasis added) (citing

4

*R&D 2001, LLC v. Rice*, 402 Md. 648, 663)).   Accordingly, Plaintiffs have not shown that the court's application of *res judicata* was a clear error.

Similarly, Plaintiffs argue that collateral estoppel should not prevent the court from assessing the legality of the Settlement Agreement and Release (the "Settlement") that was entered into by Plaintiffs and the Zipin Firm.  (ECF No. 46, at 7-9).   In the Memorandum Opinion, the court determined that collateral estoppel bars Plaintiffs from relitigating the legality of the Settlement because Plaintiffs "had extensive opportunity to litigate these issues" and were afforded a full opportunity to present arguments before the circuit court" regarding the Settlement's legality.  (*Id.* at 13).   Plaintiffs' motion for reconsideration on this point is merely another attempt to argue that the circuit court's decision was incorrect.   Plaintiffs' continued disagreement with the decisions of the circuit court does not warrant reconsideration under Rule 59(e).

In their motion, Plaintiffs put forth two primary arguments for reconsideration of the court's dismissal of the debt collection claims against Eccleston and Continental: that Plaintiffs pleaded facts sufficient to show that Eccleston and Continental engaged in debt collection activities; and that the court's citation to *Fleet Nat. Bank v. Baker*, 263 F.Supp.2d 150

(D.Mass. 2003) was inappropriate.  Plaintiffs' first argument is
an attempt to relitigate the motion to dismiss.  Plaintiffs
continue to assert that Eccleston and Continental engaged in
debt collection, but this assertion is not sufficiently
supported by factual allegations.  The Memorandum Opinion noted:

> "[I]t is well established that 'the
> threshold requirement for application of the
> [FDCPA] is that prohibited practices are
> used in an attempt to collect a debt.'"
> *Bradshaw*, 765 F.Supp.2d at 725 (quoting *Mabe
> v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86, 87–
> 88 (4th Cir. 1994)).  Plaintiffs assert that
> Eccleston represented the Zipin Firm in its
> action to recover unpaid fees, but Mr. Zipin
> and other lawyers at the Zipin Firm
> represented themselves in the fee-recovery
> portion.  (*See, e.g.*, ECF No. 21-7, at 8).
> Plaintiffs have not alleged facts, beyond
> conclusory accusations, that Continental and
> Eccleston undertook any debt collection
> activities.

(ECF No. 42, at 17).  Plaintiffs' repeated assertions that
Eccleston and Continental engaged in debt collection are not
sufficient for reconsideration.  *See Panowicz v. Hancock*, No.
DKC-11-2417, 2015 WL 5895528, at *3 (D.Md. Oct. 5, 2015)
("Plaintiff's reiteration of prior arguments reveals a 'mere
disagreement' with the court's decision and thus is an
insufficient based for [the] extraordinary remedy" or
reconsideration under Rule 59(e). (citing *Hutchinson v. Staton*,
994 F.2d 1076, 1082 (4th Cir. 1993))).  Plaintiffs' attack on the
Memorandum Opinion's citation to *Fleet* is also insufficient to

warrant reconsideration.   In the Memorandum Opinion, the court,
given the relative lack of apposite precedent within the Fourth
Circuit, cited to *Fleet* as persuasive authority supporting one
of several reasons why Eccleston and Continental's actions were
not covered by the FDCPA.   (*See* ECF No. 42, at 17-18).
Accordingly, none of Plaintiffs' arguments warrant the
extraordinary remedy of altering or amending the court's
judgment under Rule 59(e).

Finally, Plaintiffs contend that the court incorrectly
dismissed their § 1983 claim against Selzer.   The court
dismissed the § 1983 claim in light of the Supreme Court of the
United States' holding in *Lugar v. Edmonson Oil*, 457 U.S. 922
(1982) and subsequent Fourth Circuit applications of *Lugar*.
(*See* ECF No. 42, at 20-23).   The Memorandum Opinion explained:

> Plaintiffs do not contend that the Maryland
> laws or procedures themselves are
> unconstitutional or constitute a violation
> of federal law.   Rather, the first amended
> complaint contains multiple allegations that
> Selzer and the sheriff's deputies violated
> applicable state statutes and rules.   (*See*
> ECF No. 5 ¶¶ 118-119, 123-127, 132, 134).   A
> private party's alleged "unlawful invocation
> of statutory procedures does not constitute
> action under color of state law as required
> for a § 1983 claim." *Keystone Builders,*
> *Inc. v. Floor Fashions of Va., Inc.*, 829
> F.Supp. 181, 182 (W.D.Va. 1993) (citing
> *Poindexter*, 903 F.2d at 1011); *see also*
> *Martin v. Sessoms & Rogers, P.A.*, No. 5:09-
> CV-480-D, 2010 WL 3200015, at *5 (E.D.N.C.
> Aug. 12, 2010) (citing *Lugar*, 457 U.S. at
> 941-42; *Poindexter*, 903 F.2d at 1011)

> (dismissing a § 1983 claim against a private party because the complaint "has done no more than allege that [the defendant] 'misused or abused' North Carolina's statutory procedure for execution against real property"). The Fourth Circuit's interpretation of *Lugar* is directly applicable to the analysis here.

(ECF No. 42, at 22-23). Plaintiffs' motion for reconsideration reveals a disagreement with the court's holding but does not show a "clear error" that would justify reconsideration.

## III. Plaintiffs' Request to Amend the Complaint or Stay the Judgment

In their motion for reconsideration, Plaintiffs seek permission to file a second amended complaint. (ECF No. 46, at 13). When the right to amend as a matter of course has expired, as here, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Rule 15(a)(2) provides that courts should "freely give leave [to amend] when justice so requires," and commits the matter to the discretion of the district court. *See Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011). Denial of leave to amend is appropriate "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). Judges in this district have

held that "permission to replead should not be granted where plaintiffs have already had ample opportunity to frame their claims and have failed to do so properly." *Anusie-Howard v. Todd*, 983 F.Supp.2d 645, 651 (D.Md. 2013) (citation and internal quotation marks omitted). Plaintiffs filed one amended complaint earlier in this litigation, and it is not clear how a second amended complaint would prevent dismissal of their claims. Accordingly, Plaintiffs will not be granted leave to file a second amended complaint.

Plaintiffs also request that the court's judgment be stayed "until related appeals in state court are finalized." (ECF No. 46, at 14). Plaintiffs assert that a stay is appropriate because "*res judicata* and collateral estoppel, based on [state court] decisions being appealed, potentially bar related actions until finally adjudicated." (*Id.*). Plaintiffs' argument is unpersuasive because, as noted in the Memorandum Opinion, "[i]n Maryland, 'the pendency of an appeal does not affect the finality of a judgment for *res judicata* [or collateral estoppel] purposes.'" (ECF No. 42, at 8 n.2 (quoting *Campbell v. Lake Hallowell Homeowners Ass'n*, 157 Md.App. 504, 525 (2004))). Moreover, Plaintiffs do not specify which state court proceedings they consider "related appeals" for purposes of their requested stay. Accordingly, Plaintiffs have not shown

why a stay is necessary or appropriate, and their request will be denied.

## IV. Eccleston's Motion for Sanctions

Eccleston seeks $30,890.79 in sanctions against Plaintiffs and their attorney, John S. Lopatto, because "the claims asserted by [Plaintiffs] are not warranted by existing law, not supported by facts[,] and could only have been alleged against [Eccleston] for an improper purpose, in violation of Rule 11(b)(1), (2), and (3)." (ECF No. 44-1, at 4). According to Eccleston, Plaintiffs are maintaining this action to "harass the Defendants, cause unnecessary delay in the finalization of the settlement reached in the underlying case and to needlessly cause [Eccleston] and the other Defendants to expend attorney's fees and costs." (*Id.* at 8). Plaintiffs counter that the amended complaint "appl[ied] existing law and call[ed] for extending existing law" within the parameters of Rule 11(b). (ECF No. 49, at 3). In short, Plaintiffs argue that the amended complaint contained "good faith pleadings" asserting arguably violative conduct by Defendants, including improper debt collection activity by Eccleston.

"[T]he central purpose of Rule 11 is to deter baseless filings in District Court and thus . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Under Rule

10

11, by presenting a pleading or written motion to the court, an attorney or unrepresented party "is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the pleading or motion is, among other things, "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law" and "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed.R.Civ.P. 11(b).

There is a difference between a losing case and a frivolous case: "We have recognized that maintaining a legal position to a court is only sanctionable when, in 'applying a standard of objective reasonableness, it can be said that a reasonable attorney in like circumstances could not have believed his actions to be legally justified.'" *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002) (quoting *In re Sargent*, 136 F.3d 349, 352 (4th Cir. 1998)). Thus, to avoid sanctions, an "allegation merely must be supported by *some* evidence." *Brubaker v. City of Richmond,* 943 F.2d 1363, 1377 (4th Cir. 1991) (emphasis in original). Those seeking sanctions for legal positions that violate Rule 11 must prove the other party had "absolutely no chance of success under the existing precedent." *In re Sargent*, 136 F.3d 349, 352 (4th Cir. 1998) (citations

omitted).   Furthermore, "[m]otions for sanctions are to be filed sparingly."   *Thomas v. Treasury Mgmt. Ass'n, Inc.*, 158 F.R.D. 364, 366 (D.Md. 1994); *see* Local Rule 105.8(a).

As evidenced by the dismissal of Plaintiffs' complaint and the denial of their motion for reconsideration, Plaintiffs did not assert plausible claims against Eccleston or the other defendants.   Plaintiffs' claims, however, were not so objectively unreasonable and frivolous as to warrant sanctions. Much of Eccleston's motion for sanctions reiterates the arguments it made in support of its motion to dismiss, which articulate why Plaintiffs' assertions were insufficient, but do not illustrate why they were objectively unreasonable and frivolous.   Plaintiffs and Mr. Lopatto assert that they had an honest, good-faith belief that Eccleston engaged in debt collection activities in violation of the FDCPA, the MCDCA, and the MCALA.   Although such a belief was not supported by sufficient facts to state a claim, it was not entirely frivolous or objectively unreasonable.   Similarly, although many of Plaintiffs' claims and assertions were barred by *res judicata* and collateral estoppel, the apparent mistaken interpretation of these legal doctrines by Plaintiffs and their counsel does not justify sanctions.

Perhaps more troubling is the fact that Plaintiffs have filed multiple civil actions in state and federal court arising

12

out of the same underlying facts, some of which are filed against the same defendants, and some of which pull in additional parties. The actions of Plaintiffs and their counsel, at the very least, appear to border on being motivated by an improper purpose. At this point, however, the extreme measure of Rule 11 sanctions is not warranted. "The fact that Plaintiff[s] had to respond to Defendant's motion for sanctions will serve as enough of a warning to Plaintiff[s] and [their] attorney[] that their allegations must have evidentiary support to bring and litigate a case such as this one. *Capitol Radiology, LLC v. Sandy Spring Bank*, No. DKC-09-1262, 2010 WL 2595781, at *2 (D.Md. June 24, 2010). Plaintiffs and Mr. Lopatto are now on notice that additional similar filings may be cause for sanctions under Rule 11(b)(1). Plaintiffs may fully utilize the appropriate appellate channels to litigate their disagreements with judicial opinions, but they may not initiate what amount to repeated collateral attacks on prior rulings by continuing to commence new civil actions.

Accordingly, given the high standard required for the imposition of sanctions, and the fact that all of Plaintiffs' claims were dismissed, the court will decline to impose sanctions.

## V.    Conclusion

For the foregoing reasons, Plaintiffs' motion for reconsideration will be denied.   Eccleston's motion for sanctions will be denied.  A separate order will follow.


                              _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge